# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

TY ERIK LOPES
Appellant

9th Cir. Case No. 09-16002

District Court Case No. 2:07-cv-01102-JAM-KJM

vs.

SAN JOAQUIN COUNTY HUMAN SERVICES
AGENCY: CHRISTOPHER J. MASSOD:
LAURA LYMAN
Defendant's

## APPELLANT'S INFORMAL BRIEF

1.  Jurisdiction

    a.  Timeliness of Appeal:

        (I)   Date of entry of judgment or order
              of lower court: April 29,2009

        (ii)  Date of service of any motion made after judgment
              (other than for fees and costs): May 13,2009

        (iii) Date of entry of order deciding motion May 14,2009

        (iv)  Date notice of appeal filed May 13,2009

        (v)   For prisoners, date you gave notice of appeal
              to prison authorities May 11,2009

    b.  IF POSSIBLE, PLEASE ATTACH ONE COPY OF EACH OF THE
        FOLLOWING:

        1.  The order from which you are appealing
        2.  The district court's entry of judgment
        3.  The district court docket sheet

Case No. _____

2.    What are the facts of your case?

> APPELLANT HAS BEEN ILLEGALLY RESTRAINED FROM HIS
> BIOLOGICAL GRANDCHILDREN AND WAS NOT GIVEN ANY
> LEGAL NOTICE OF THE RESTRAINT, NOR HAS GOOD
> CAUSE FOR THE RESTRAINT BEEN SHOWN, NOR HAS
> APPELLANT BEEN GIVEN AN OPPORTUNITY TO BE HEARD
> AS IS MANDATED BY THE UNITED STATES CONSTITUTION
> AT 18 U.S.C. §2265 (1994)(VAWA))

On May 12,2006, a restraining order was filed against appellants

grandchildrens' biological father, Johnathan Villanueva, in the San

Joaquin County Superior Court.* The restraining order contains a

"Stipulation of the Parties," also dated May 12,2006. In number 5 of

the stipulation is states in the last sentence this: **"No party to**

**this agreement will allow visitation between the minors and the**

**maternal grandfather in prison." (See Excerpts of Record to this**

**Brief, submitted as a seperate memorandum)** Appellant submits that

the word "visitation" clearly means alotted visitation by the court.

Since appellant has never been a party to the juvenile court case

that generated the restraining order against the biological father of

appellant's daughters children, appellant submits that the last

sentence in number 5 of the stipulation of the parties to that case,

is surplussage. Moreover, appellant has never petitioned any court

for visitation of his two grandchildren. Thus appellant asks for

injunctive relief asking that the last sentence in number 5 of the

* The juvenile court case number is J03409. Appellant has never been a
party to that action.

stipulation of the parties be removed.

Appellant alleges that the defendant's have interpolated the last
sentence in number 5 of the stipulation of the parties to mean that
appellant cannot have any visits with his grandchildren at all, even
if appellant's mother, who has long since been granted full physical
custody of both of appellant's grandchildren, wishes to bring them both
to visit appellant. In effect, the defendant's have restrained
appellant from having any physical contact with his grandchildren
without any any good cause and without any notice and a timely
opportunity to be heard as is required by law. **(18 U.S.C. §2265 (1994)
(VAWA))\*** Appellant further alleges that the San Joaquin County
Superior Court's juvenile court judge in the action has unlawfully
considered irrelevent extrinsic evidence in the juvenile custody trial
regarding appellant's relationship with his daughter and her two
children  (Appellant's biological grandchildren), for the sole purpose
of evading appellant's United States Constitutional rights guaranteed
to him under 18 U.S.C. §2265 (1994)(VAWA); See also <u>Peltier v. Write</u>,
15 F.3d 860, 862 (9th Cir. 1994).) Thus, in the instant the San Joaquin
County Superior Court does not meet the rule of <u>Alfaro v. Terhune</u>, 98
Cal.App.4th 497 (2002), which says that **"to be enforceable, a law must
be sufficiently precise as to give a person of ordinary intelligence a
reasonable opportunity to know what is required to provide sufficient
standard for enforcement so that arbitrary and discriminatory
enforcement may be avoided."** The Superior Court's broad power over

* On September 17,2008, appellant mailed a letter to the United States
District Court in which he stated that the issue had been resolved after
the defendant's were threatened with legal action. However, on Friday
June 12,2009, the trial in the juvenile court case took place, at which
time, the juvenile court judge told appellant's mother that she cannot
take the two children to visit appellant, referring to the stipulation
of the parties attached to the restraining order against the childrens'
biological father, dated and filed on May 12,2006.

matters in relation to evidence in Penal Code Section 1044, states in relevent part this: **"It shall be the duty of the judge to control all proceedings..., and limit the introduction of evidence and the arguments of counsel to relevent matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved."** The law presumes that a government agency or agent regularly performs its duties (see United States v. Garren, (9th Cir. 893 F.2d 208), and a reviewing court defers to the agency or agent unless that threshold presumption is dispelled by contrary evidence. (See Penzoil Co. v. F.E.R. C. (5th Cir. 789 f.2d. 1128) Judicial deference is not proper when the agency or agent's interpretation or practice is completely inconsistent with the plain language of the statute and the intent of the legislature, and in this case, the United States Constitution. * Too, Section 361(a) of the Welfare and Institution Code mandates the superior court's exercise of discresion when imposing any limitations of appellant's mothers control over the children. Any limitations imposed by the superior court **"shall not exceed those necessary to protect the children."** By the same section of the code, the superior court is mandated by the use of the word "shall," by its order to **"Clearly and specifically set forth all such limitations."** (See Section 361(a) Welfare and Institution Code) Appellant submits that there is absolutely no indication that the superior court has exercised its limited discretion regarding appellant's mothers control over his biological grandchildren, and no good cause has been shown that prevents appellant from being visited by his grandchildren. Appellant has not been convicted of any crime against a minor and he has long since

* Appellant filed a motion in the superior court on November 15, 2006, asking that the last sentence in number 5 of the stipulation of the parties be clarified. The superior court failed to clarify the issue in its order.

been granted to have full contact visits with any minor children. Appellant submits that Mule Creek State Prison is completely equipped to accommadate visits by children of all ages, including infants.

In appellant's Objection to Magistrate Judge's Findings and Recommendations that was filed in the United States District Court on November 14,2007, appellant demonstrated that the magistrate judge had completely misunderstood the FACTS of his complaint that was filed in that court on June 8,2007. Appellant argued that his daughter and his mother would never deliberately restrain him from his grandbabies! He also argued that just days after the restraining order was filed which contains the stipulation of the parties, which order is a restraining order against the childrens' biological father, appellant's daughter lost physical custody of her children, which was long before appellant had filed his lawsuit in the United States District Court. Appellant argued that, because his daughter had physical custody of her two children at the time that the "Stipulation of the Parties" was written, which stipulation did grant appellant's mother visitaion of the children and because appellant's daughter lost physical custody of her children just days after the stipulation was made, that the stipulation of the parties became outdated for any of its purposes. Regardless, appellant has never been a party to the juvenile court case in any way and he has never once petitioned any court for "visitation" to be alotted to him. Appellant submits that the defendant's had no reason to deny appellant visitation and that the last sentence in number 5 of the stipulation was nothing more than a direct attack on appellant just because he is in prison. Appellant has suffered horrible mental anguish because he lost any chance of developing a relationship with his own biological grandchildren.

Appellant's mother has been completely duped by the defendant's, and now by the superior court, into believing that she will lose custody of the two children, and that they will be put up for adoption if she dares to bring them to visit appellant again!

Appellant has sent letters from his mother to the United States District Court and has asked for an evidentiary hearing because of what is said in the letters. **(See letter filed on January 18,2008, that is attached to appellant's evidentiary hearing request)** Following one of court hearings in the juvenile case appellant's mother mailed him a letter in which she stated that "there is no restraining order," that prevents her from bringing appellant's grandchildren to the prison to visit. However, appellant's mother also stated that **"there is a court order that the children are not to be taken to visit [appellant.]"** (See **later dated July 10,2008, contained in the Excerpts of Record to this brief.)** Appellant's mother is referring to the Stipulation of the Parties that is attached to the restraining order that was filed on May the 12,2006, which states in #5 of the stipulation that "no party to this agreement will allow visitation between the minors and the maternal grandfather in prison," which as stated previously, is an outdated stipulation. Appellant submits that nobody has the right to deny him any visitation at all with his biological grandchildren when appellant hasn't ever asked for any visitation to be granted to him. Furthermore, the San Joaquin County Superior Court cannot restrain appellant from his grandchildren without any cause, The defendants have no right at all to write in a stipulation agreement to a juvenile custody case that appellant is denied visitation with the children involved when appellant isn't even a party to the action in any way.

(6)

Thus, appellant is entitled to the relief he seeks. Appellant is also asking for Section 1983 damages in the amount of $50.00 per day per **each** child, beginning on May 12,2006, and until appellant's mother is told the truth, completely! Appellant had absolutely nothing to do with the crimes for which he has been convicted and his appeal is pending in this court. **(No. 09-15769)** Moreover, appellant's "convictions" do not involve children in any way and the Director of the Department of Correction has granted appellant full contact visits with any minor children. Appellant is absolutely no danger whatsoever to his grandchildren and he is suffering because he is missing out on developing a proper bond with his own biological family, simply because the defendant's don't like appellant. The defendant's have conspired to deprive appellant of his United States Constitutional rights by deceiving his mother into believing that the court has ordered that appellant's grandchildren cannot come to Mule Creek State Prison to visit their grampa! **(U.S.C.Title 18, Section 241 and 242 U.S.C 42, Section 1982, 1983, 1985 and 1986)**

Accordingly, appellant asks this court to order that the last sentence in #5 of the Stipulation of the Parties that is attached to the restraining order that was filed on May 12,2006, against the biological father of the children, be removed. Appellant also asks for the damages he seeks as stated above and that the defendant's be ordered to answer appellant's claims.

Appellant rests.

Page 8

Case No. 09-16002

3.    What did you ask the district court to do (for example, award damages, give injunctive relief, etc.)? Appellant is asking for money damages as well as for injuctive relief. (See page 4 of complaint containd in excerpt of record, and last paragraph on page 7 of this brief.)

4. State the claim or claims you raised at the district court. Appellant has been illegally restrained from his biological grandchildren with any cause being shown and without any notice given to appellant, nor was appellant afforded his right to be heard, as is required under U.S.C. 18 §2265 (1994)(VAWA).) The defendant's have conspired to deprive appellant of his aforementioned United States Constitutional rights.

5. What issues are you raising on appeal? The same in #4 above.

Page 9

Case No. 09-16002

6.    Did you present all these issues to the district court?

       Yes               If not, why?
       Yes/No

7.    What law supports these issues on appeal?  (You may, but need not, refer to cases
      and statutes.)  18 U.S.C. §2265 (1994)(VAWA); U.S.C. 18 § 241 and
    242;U.S.C. 42 § 1982,1983,1985 and 1986);see also law cited
    throughout Appellant's Informal Brief.

Case No. 09-16002

8.   Do you have any other cases pending in this court?  If so, give the name and docket
     number of each case. Ty Erik Lopes v. Rosanne Campbell, et al., Case
Number 09-15769

9.   Have you filed any previous cases which have been decided by this court?  If so,
     give the name and docket number of each case. Ty Erik Lopes v. Rosanne
Campbell, case number 09-15207; Ty Erik Lopes v. Rosanne Campbell,
case number 09-15208.

10.  For prisoners, did you exhaust all administrative remedies for each claim prior to
     filling your complaint in the district court? Yes

June 16, 2009
DATE

SIGNATURE

Mule Creek State Prison
P.O. Box 409020
Ione, CA 95640
ADDRESS

CERTIFICATE OF SERVICE

Case Name: Ty Erik Lopes _____ v. San Joaquin County Human Services Agency; Christopher J. Massod; ~~Laura Lyman.~~_____

Case No.: 09-16002 _____

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, fill in the title of the document you are filing and attach it at the back of each filing with the court. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the Certificate of service is not yet required,

(Name of document you are filing,
i.e., opening brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed below.

_____
**Signature**
Notary NOT required

Name                    Address                    Date Served

Certificate of service is not yet required.